# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2022

Lyle W. Cayce
Clerk

No. 21-40873
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL DASHUN HOWARD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-1420-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Michael Dashun Howard was convicted by a jury of transporting an illegal alien within the United States by means of a motor vehicle, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), and (a)(1)(B)(ii). The district court sentenced Howard to 33 months of imprisonment. On appeal,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40873

Howard raises two challenges: (1) He contends that the jury's verdict should be overturned because the evidence was sufficient to establish that he was acting under duress. And (2) Howard challenges his sentence enhancement under U.S.S.G. § 2L1.1(b)(5)(C), arguing that the evidence did not establish his possession of a firearm during the offense.

*First*, Howard concedes that although he moved for a directed verdict at the close of the Government's case, he did not renew his motion after closing his defense or after the Government concluded its rebuttal. So our review of his sufficiency-of-the-evidence challenge is for plain error. *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022). "Preserved challenges to the sufficiency of the evidence get de novo review, with a heavy thumb on the scale in favor of the verdict." *Id.* at 288 (emphasis omitted); *see also United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012) ("'We review properly preserved claims that a defendant was convicted on insufficient evidence with substantial deference to the jury verdict, asking only whether a rational jury could have found each essential element of the offense beyond a reasonable doubt.'" (quoting *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir.2012) (en banc))). But where, as here, the defendant does not "properly preserve his sufficiency challenge at trial, that rule combines with plain-error review to produce a super-deferential result." *Cabello*, 33 F.4th at 288 (citation omitted). Howard thus must show that "the record is devoid of evidence pointing to guilt or that the evidence is so tenuous that a conviction is shocking." *Id.* (quotation omitted).

Moreover, where an affirmative defense is at issue, the burden of proof on that defense determines our standard of review. *United States v. Barton*, 992 F.2d 66, 68–69 (5th Cir. 1993). For duress, we may "reject the jury verdict" on duress grounds "only if no reasonable trier of fact could have failed to find" that duress was established by a preponderance of the

evidence. *Id.* at 68; *see also Dixon v. United States*, 548 U.S. 1, 17 (2006) (clarifying preponderance-of-the-evidence standard for duress defense).

Howard cannot overcome the super-deferential standard of review. Howard's evidence of duress consisted chiefly of his own trial testimony, during which he alleged that he had been attacked, injured, and forced at gunpoint to transport illegal aliens in his tractor trailer. But a defendant's testimony generally cannot by itself overcome the plain-error standard for an affirmative defense like duress because "absent unusual circumstances, the jury is almost always entitled to disbelieve that testimony." *United States v. Mora*, 994 F.2d 1129, 1137 (5th Cir. 1993) (entrapment defense). The jury was therefore "entitled to disbelieve" that testimony. *Id.* This is all the more true because in a number of instances, Howard's testimony was directly contradicted by the Government's witnesses. As the question of the credibility of the witnesses was for the jury to decide, *United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009), the jury was entitled to find that the Government's witnesses were credible and that Howard was not. Howard's challenge thus fails.

*Second*, Howard preserved his sentencing-enhancement challenge, so we review the district court's interpretation of the Sentencing Guidelines de novo and its underlying factual findings for clear error. *See United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020). In determining whether an enhancement applies, the district court may draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks omitted). This is "particularly true" where a sentencing court's imposition of an enhancement is based "upon an

No. 21-40873

evaluation of a witness' credibility." *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999).

Section 2L1.1 of the Guidelines provides for an enhancement to the offense level in an alien transporting case "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2L1.1(b)(5)(C). During the trial, one of the agents testified that the firearm was found "in a plastic bin that was directly behind the driver's seat." And the agent testified that the bin containing the firearm also had food and snacks, that it is typical for truckers to travel with such food and snacks, and that the firearm looked like it had been deliberately placed in the bin, not just thrown in the box. Therefore, the district court's finding that Howard possessed the firearm in connection with his alien transporting offense is plausible "in light of the record as a whole" and not clear error. *Coleman*, 609 F.3d at 708.

The district court's judgment is AFFIRMED.